# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| Geidy Palomino,<br><br>                    Plaintiff(s)<br><br>        -v.-<br><br>Midland Credit Management, Inc.,<br><br>                    Defendant(s). | Civil Action No: 2:22-cv-619<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Geidy Palomino ("Plaintiff"), brings this Complaint by and through his attorneys, Zeig Law Firm, against Defendant Midland Credit Management, Inc. ("Defendant MCM" or "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, county of Lee.

8. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business located at 350 Camino De La Reina, Suite 300, San Diego, California 92108 and is registered to accept service of process at through its registered agent, Midland Funding LLC at 13008 Telecom Drive, Suite 350, Tampa, Florida 33637.

9. Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. Defendant MCM was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 10 above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to October 30, 2021, an obligation was allegedly incurred to creditor Comenity Capital Bank ("Comenity").

13. The Comenity obligation arose out of transactions involving debt in which money, property, insurance, or services, that are the subject of the transaction(s), were incurred solely for personal, family, or household purposes.

14. The alleged Comenity obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Comenity is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. Comenity purportedly sold the allegedly defaulted debt to Defendant MCM . Therefore, Defendant MCM is a "debt collector" as defined by 15 U.S.C. § 1692(6).

18. Defendant MCM collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Service, telephone, and internet.

*Violation – October 30, 2021 Collection Letter*

19. On or about October 30, 2021, Defendant MCM sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt originally owed to Comenity. See a true and correct copy of the Letter attached as Exhibit A.

20. The Letter immediately begins by stating "Congratulations! You have been **pre-approved** for a discount program designed to save you money. Pay today at MidlandCredit.com or call 877-898-5125 now."

21. The Letter then advises of the alleged the discount programs, giving three payment options:

    1) 10% Off - Pay 1 payment;

    2) 5% Off - Pay 6 monthly payments;

    3) Pay $50 per month – Payments as low as $50 per month.

22. Per the Letter, "[t]o take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call 877-898-5125."

23. Per the Letter, both Option 2 and Option 3 specifically require Plaintiff to call Defendant at 877-898-5125.

24. The third option provided by Defendant is not adequately explained and results in two different possible interpretations.

25. First, Option 3 might be construed to be an option where a discounted amount is being paid in monthly payments of $50 a month.

26. Second, Option 3 might be construed to be an option where monthly payments of $50 would be made until the debt is paid off.

27. In addition, if Option 3 means that the $50 payment would be made until the debt is fully paid off, the letter is deceptive because it describes all three options as "options designed to save you money." If the debt is being paid in full under Option 3, it is not a discount program and therefore the letter is deceptive.

28. By failing to explain whether Option 3 is a settlement option or a full pay option, the Letter is false, deceptive and misleading.

29. Due to Defendant's actions, Plaintiff was misled and uncertain as to what Defendant was offering as a repayment option under Option 3.

30. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

31. Defendant misled Plaintiff with a hollow "discount program" by using a deceptive accounting of the third payment option.

32. At the bottom of the Letter is a "payment coupon" to be returned with payment responding to the Letter.

33. That "payment coupon" states "RETURN this slip with payment in the envelope provided to receive this limited time discount offer."

34. The "payment coupon" further includes a field to be filled out by Plaintiff to advised of the total amount being enclosed.

35. The "payment coupon" is not otherwise discussed within the Letter, nor attached to any specific offer.

36. As a result, as each payment option advised of the ways in which the same could be redeemed, but failed to include any reference to the payment coupon, the inclusion of the fillable "payment coupon" was an invitation to accept any of the offers simply by returning the "payment coupon."

37. Defendant's actions were false, deceptive, unfair, and/or misleading.

38. A consumer such as Plaintiff cannot pay an alleged debt, trusting a debt collector such as Defendant, when it appears that the information stated in the Defendant's Letter was incorrect, inaccurate, and/or misleading.

39. Defendant's actions were false, deceptive, and/or misleading.

40. Due to Defendant's actions, Plaintiff was concerned and left uncertain by the Letter.

41. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

42. Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

43. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

44. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

45. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

46. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

47. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused a missed opportunity to settle the alleged debt at a discount, to Plaintiff's financial detriment.

48. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendant's furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

49. In addition, Plaintiff suffered emotional and physical harm because of Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

50. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

51. As it relates to this case, Congress identified concrete and particularized harms with close commo-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

52. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this alleged debt.

55. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection attempts.

56. Plaintiff was misled to her detriment, which created uncertainty in both was Defendant was offering and Plaintiff's options for responding to the same, by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

57. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 57 above herein with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendant violated §1692e:

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

   b. By making a false and misleading representation in violation of §1692e(10).

62. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

63. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 57 above herein with the same force and effect as if the same were set forth at length herein.

64. Additionally, Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

66. Defendant violated this section by unfairly collecting, and attempting to collect, the alleged debt, as described above, in violation of § 1692f.

67. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Geidy Palomino, individually and on behalf of all others similarly situated, demands judgment from Defendant MCM as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.	For attorney fees and costs provided pursuant to 15 U.S.C. § 1692k(a)(3);

4.	For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

5.	For such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated: September 23, 2022			Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan St. Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com
*Counsel for Plaintiff*